UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MALCOM WASHINGTON,

                Petitioner,

  -against-                                     9:19-CV-0695 (LEK/TWD)

FRANKLIN CORRECTIONAL
FACILITY,

                Respondent.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Petitioner Malcolm Washington submitted pro se habeas corpus petitions pursuant to 28 U.S.C. §§ 2254 and 2241, various supporting documents, and a motion for discovery. Dkt. Nos. 1 ("§ 2254 Petition"), 1-1 ("§ 2241 Petition"), 2-2 ("Exhibits"), 3 ("Letter to State Court"), 4 ("Motion for Discovery"). On June 13, 2019, this Court administratively closed the action because Petitioner failed to properly commence it. Dkt. No. 2 ("June 13, 2019 Order"). The Court advised Petitioner that if he desired to pursue this action, he must so notify the Court and either (1) pay the filing fee of five dollars, 28 U.S.C. § 1914(a), or (2) submit a completed, signed, and properly certified application to proceed in forma pauperis ("IFP"). June 13, 2019 Order at 2. Petitioner filed such an application on June 20, 2019. Dkt. No. 5 ("IFP Application").

**II.    DISCUSSION**

To commence a habeas corpus action, a petitioner must pay the five-dollar filing fee or submit a properly certified IFP application. Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); see also Rule 1(b), Habeas Rules (stating that

"[t]he district court may apply any or all of these rules to a habeas petition"). A proper IFP application includes a signature or certification by an appropriate prison official attesting to petitioner's balance, and average balance over the last six months, in any account in Petitioner's name at his or her facility. Rule 3(a)(2), Habeas Rules.[1] Local Rule 5.4(b)(1)(A) further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action."

Petitioner's IFP Application is not complete because it lacks the information required by Rule 3(a)(2). Specifically, Petitioner's application omits (1) his account balance, (2) the average amount of his account over the past six months, and (3) a signature from an appropriate prison official attesting to this information. IFP Appl. at 2. In light of Petitioner's pro se status and his efforts to comply with the filing fee requirements, the Court will afford him another opportunity to do so. If Petitioner fails to timely comply, this action will be dismissed without prejudice without further order.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner must, within **thirty days** of the filing date of this Decision and Order, either (1) pay the five dollar filing fee in full, or (2) submit an IFP application which has been completed and signed by him and which has been certified by an appropriate official at his facility; and it is further

---

[1] Rule 3(a)(2) requires "the affidavit required by 28 U.S.C. § 1915," which includes "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined," id.

**ORDERED**, that if Petitioner fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be dismissed without prejudice without further order and the Clerk shall close the case; and it is further

**ORDERED**, that upon Petitioner's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Petitioner along with a blank IFP application.

**IT IS SO ORDERED.**

DATED:   June 26, 2019
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge