UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MALCOLM WASHINGTON,

                          Petitioner,

   -against-                                                    9:19-CV-695 (LEK/TWD)

FRANKLIN CORRECTIONAL FACILITY,

                          Respondent.

## DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner Malcolm Washington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Dkt. No. 1 ("Petition"), as well as several exhibits in support of his petition, Dkt. Nos. 3 and 4 ("June 17, 2019 and June 19, 2019 Submissions in Support") and, ultimately, the statutory filing fee. Dkt. Entry for June 27, 2019 ("Filing Fee Receipt").[1]

On August 1, 2019, this Court denied Petitioner's IFP application as moot and directed Petitioner to file an affirmation explaining why the statute of limitations should not bar his petition and whether his causes of action had been completely exhausted in the state courts. Dkt. No. 14 ("August 1, 2019 Order"). Petitioner has timely filed said affirmation. Dkt. No. 16 ("Affirmation").

**II.    AFFIRMATION**

Petitioner's affirmation fully complies with the Court's August Order and discusses both

---

[1] Petitioner's case was administratively closed twice for improperly filed applications to proceed in forma pauperis ("IFP"). However, Petitioner ultimately commenced the case by paying the filing fee. Dkt. Nos. 2 ("June 13, 2019 Order"); 5 ("IFP Application"); 6, ("June 20, 2019 Text Order"); 7 ("June 26, 2019 Order").

the cause for delay in Petitioner's filing and the procedural posture of his state court proceedings. See generally Aff.

### A. Statute of Limitations

Petitioner indicates that he delayed in filing his Petition because: (1) the new evidence he now relies upon for equitable tolling was not provided to him "until [his] foil [sic] was answered by the District Attorney's office [and he] received his requested documents [in] 11/2018";[2] and (2) Petitioner was previously medicated for mental health ailments "which clouded [his] thinking, reasoning, and memory." Aff. at 2. Petitioner also contends that because this evidence demonstrates his actual innocence, it precludes the Court from dismissing his petition as time barred. Dkt. No. 17 ("August 28, 2019 Submission in Support").

Based on this information, the Court will not dismiss the Petition as untimely at this time. However, until Respondent has had an opportunity to respond to the Petition and to the arguments made by Petitioner in his Affirmation, the Court will not render any decision regarding whether the Petition is timely or whether Petitioner is entitled to equitable tolling or any equitable exception.

### B. Exhaustion

Petitioner's affirmation also confirms that he was "not in the Appeal stages of [his]

---

[2] It appears Petitioner has continued to search for information beyond what was produced pursuant to the FOIL request. Petitioner recently filed a letter indicating that the individual who was actually guilty of the crime to which the Petitioner pled may have previously been arrested for a sexual offense involving the same victim in 2016. Dkt. No. 18. Petitioner also filed additional submissions reiterating his actual innocence claim, Dkt. Nos. 19, 22, and another submission attaching a letter from the Broome County Clerk's office, which Petitioner states shows that an assistant district attorney who prosecuted him committed prosecutorial misconduct by withholding exculpatory material from the courts, Dkt. No. 21; see also Dkt. No. 15.

440.10 [motion]," and has "still [not] had [his] original hearing that [he] was first approved for[.]" Aff. at 5. Thus, he has not exhausted his claims.

To properly exhaust his claims, Petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the Petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that Petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). In other words, Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Petitioner has not procedurally or substantively exhausted his state court remedies because Petitioner continually asserts, and has recently confirmed, that his properly filed 440 motion is currently pending. Pet. at 1, 13–14; June 19, 2019 Submission in Support at 2; Aff. at 5. Accordingly, the highest state court capable of reviewing Petitioner's claims has not yet had the opportunity to do so. See Brown v. Ercole, No. 07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007). Further, there is no basis on the record before this Court to conclude that exhaustion should be excused based on an absence of available State corrective process (e.g., where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect Petitioner's rights (e.g. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of

3

exhausting those remedies by pursuing his collateral 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

However, while Petitioner's claims are not exhausted, the Court construes Petitioner as having made a protective filing requesting that this action be stayed and the Petition held in abeyance. The United States Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. Pace v. Diguglielmo, 544 U.S. 408, 416 (2005); see also Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). "Pace suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in Rhines v. Weber, 544 U.S. 269, 275–76 (2005). Rivera v. Kaplan, No. 17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under Rhines, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.[3]

---

[3] While Rhines involved a "mixed" petition of exhausted and unexhausted claims and the Petition at hand involves all unexhausted claims, Pace does not limit such stays to mixed petitions. See Pace, 544 U.S. at 416; Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir. 2009) (noting that in Pace, "the Supreme Court sanctioned the use of the stay-and-abeyance procedure in a context outside that of mixed petitions"); Rivera v. Kaplan, No. 17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) ("Although the Second Circuit does not appear to have addressed the question of whether such a stay and abeyance procedure is available when a petition is fully unexhausted, rather than mixed, the circuit courts that have done so—the Third, Seventh, Ninth, and Tenth—have all held that Rhines applies to a petition that includes solely

4

Here, a stay is warranted. The Court cannot say, based on the current submissions, that Petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. See Rhines, 544 U.S. at 278; Aff. at 2. And it appears likely that Petitioner filed his Petition because he was unaware his collateral 440 motion needed to be exhausted and he wanted to make sure his Petition was timely filed. Thus, inferring that "'petitioner filed this 'protective habeas' to ensure its timeliness, the Court finds 'good cause' for the stay." Haynes v. Ercole, No. 08-CV-3643, 2009 WL 580435, at *1 (E.D.N.Y. Mar. 6, 2009); see also Whitley v. Ercole, 509 F. Supp. 2d 410, 419 (S.D.N.Y. 2007) ("[A] petitioner's showing of his confusion, if reasonable, concerning the delay in his state filing would satisfy the Rhines requirement of 'good cause.'"). And a stay may, in fact, protect the potential timeliness of the Petition. See Zarvela, 254 F.3d at 380. While it seems likely that, in the absence of equitable tolling, the Petition was untimely, there is some uncertainty in this regard. See August 1, 2019 Order at 3–7 (noting that while it is unlikely to toll the limitations period anyway, there is some uncertainly as to when Petitioner filed the motion for an extension of time to file his direct appeal).[4] Given this lingering uncertainty, dismissing the Petition without prejudice could further jeopardize the timeliness of any future petition—especially if Petitioner is unable to re-file immediately after the state proceedings terminate. Thus, "[i]n an abundance of caution," the Court grants Petitioner's motion to stay. Haynes, 2009 WL 580435, at *1.

---

unexhausted claims.").

[4] This pertains to statutory tolling and is separate from the issue of equitable tolling, which, as discussed above, may be a separate ground on which the Petition is timely.

However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." Hust v. Costello, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); see also Rodriguez v. Griffin, No. 16-CV-1037, 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); Zarvela, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion."). Therefore, Petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached.

**Within thirty (30) days** of the date upon which the final state court capable of reviewing Petitioner's application has reached a decision, Petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition, Dkt. No. 1, is **STAYED**; and it is further

**ORDERED**, that Petitioner must advise the Court in writing, **every thirty (30) days**, beginning thirty (30) days from the date of this Decision and Order, on the status of the pending state court application, including the date upon which any decision is reached; and it is further

**ORDERED**, that **within thirty (30) days** of the date upon which the final state court capable of reviewing Petitioner's application reaches a decision, Petitioner must notify the Court

of that decision; and it is further

**ORDERED**, that if Petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is further

**ORDERED**, that no response to the Petition will be required until Petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:    October 10, 2019
                Albany, New York

Lawrence E. Kahn
U.S. District Judge