UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MALCOLM WASHINGTON,

                        Petitioner,

    -against-                                               9:19-CV-695 (LEK/TWD)

FRANKLIN CORRECTIONAL FACILITY,

                        Defendant.

**DECISION AND ORDER**

## I. INTRODUCTION

On June 12, 2019, Malcolm Washington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. Nos. 1 ("Petition"); 3 ("First Submission in Support"); 4 ("Second Submission in Support"). On July 12, 2019, the Court received an amended petition and an affidavit in support of that submission. Dkt. No. 10 ("Amended Petition"); Dkt. No. 12 ("Affidavit").

On August 1, 2019, the Court noted that the Petition and Amended Petition both suffered from the same deficiencies and directed Petitioner to file an affirmation explaining why the statute of limitations should not bar his claims and whether his causes of action had been completely exhausted in state court. Dkt. No. 14 ("August Order"). Petitioner timely filed the requested affirmation. Dkt. No. 16 ("Affirmation").[1] On October 10, 2019, after reviewing the Affirmation, the Court stayed the Amended Petition and ordered Petitioner to begin filing status reports every thirty days. Dkt. No. 23 ("October Order").

---

[1] In apparent support of his Affirmation, Petitioner submitted a letter to the Court stating that he had fully exhausted his state court remedies by filing a direct appeal and subsequently seeking leave to appeal to the New York Court of Appeals. Dkt. No. 28 ("Submission in Support of Petitioner's Affirmation").

Petitioner then filed two letter motions with the Court seeking temporary release on bail and the Court's assistance to redress alleged constitutional violations arising out of his 440 motion in state court. Dkt. Nos. 24 ("First Letter Motion"); 25 ("Second Letter Motion"). In a Decision and Order dated November 18, 2019, the Court denied both motions. See Dkt. No. 26 ("November Order"). The Court also directed Petitioner to immediately advise the Court, in writing, of the status of his pending 440 application in state court. Id. at 5. Moreover, the Court warned that if Petitioner failed to file the court-ordered status report, the Court would lift the stay and return the action to the active docket. Id.

Presently pending before the Court is Petitioner's third letter motion, renewing his request for temporary release on bail and informing the Court that Petitioner has voluntarily withdrawn his 440 motion from state court. See Dkt. No. 27 ("Third Letter Motion"). For the following reasons, the Court again denies Petitioner's motion for bail, lifts the stay, and directs Respondent to answer the Amended Petition.

## II.   MOTION FOR BAIL

Federal courts have jurisdiction "to grant bail to habeas petitioners[.]" Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). However, "the standard for bail pending habeas litigation is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances . . . make the grant of bail necessary to make the habeas remedy effective." Id. (internal quotation marks omitted). In short, the court asks whether there are extraordinary circumstances that render "this case distinguishable from other habeas corpus cases[.]" Jackson v. Bennett, No. 01-CV-8971, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002) (citing Richard v. Abrams, 732 F. Supp. 24, 25 (S.D.N.Y. 1990)) (internal quotations omitted).

2

Petitioner's latest letter motion argues that he must be "release[ed] from prison so [he] can find suitable representation. By being imprisoned [Petitioner is] exempt from receiving assistance from a numerous amount of attorney's [*sic*], such as Broome County Legal Aide." Third Letter Mot. At 1. Moreover, Petitioner's incarceration prevents him from acquiring the financial means to independently secure representation. Id. If Petitioner were released from custody, he asserts that he could "take out bank loans as well as seek donations through avenues such as [a] . . . GoFundMe account online." Id. Petitioner argues that, given the "scientific DNA Evidence" Petitioner provided to the Court and his "lack of suitable representation," he should be granted bail. Id. Petitioner concludes that he is neither a danger to the community nor a flight risk; accordingly, he should be released because "being incarcerated is h[i]ndering [his] fight for justice[.]" Id. at 2.

Without determining whether Petitioner established a substantial probability of success on the merits of his habeas corpus claim, the Court again finds that he has failed to demonstrate extraordinary circumstances that justify relief.

Petitioner's contention that release from custody is necessary in order for him to properly obtain counsel is unavailing. First, Petitioner's difficulty finding representation is not a unique situation for an inmate; accordingly, Petitioner's situation is not extraordinary. See Henderson v. Johnson, 1 F. Supp. 2d 650, 656 (N.D. Tx. 1998) (holding that petitioner's lack of "professional legal assistance" did not justify bail because such "grounds are far from . . . extraordinary circumstances . . . [i]n fact, they are archetypal of those that could be relied on by the typical prisoner who prosecutes *pro se* a federal habeas petition."). Second, Petitioner's contention that but for his incarceration he would be able to secure funds and private representation is, at best, speculative. And even were it not, other courts have denied other forms of requested relief to

petitioners proffering similar arguments, reasoning that an inability to independently retain counsel or procure other legal assistance is not an extraordinary circumstance. See, e.g., Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (concluding that a petitioner's assertions "that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, [and] had limited access to legal assistance that was available to other prisoners" do not establish extraordinary circumstances).[2]

Petitioner's present arguments are conclusory and, without providing new facts or reasoning, do not demonstrate that his incarceration is unconstitutional. Such an assertion, that Petitioner will ultimately be successful with his habeas petition because he is incarcerated in violation of his constitutional rights, does not constitute an extraordinary circumstance for the purposes of granting bail. See Iuteri v. Nardoza, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and noting that, because "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful," there was "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis").

In sum, "Petitioner has not made any showing that his is a 'special case' and that extraordinary circumstances exist such that release is necessary to make the habeas corpus

---

[2] In the equitable tolling context, courts in this circuit have held that similar arguments regarding an inability to obtain counsel or other legal assistance fail to satisfy the extraordinary circumstances standard. See Francis, 198 F. Supp. 2d at 234–35; Corrigan v. Barbery, 371 F. Supp. 2d 325, 330–31 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); Alvarez v. United States, No. 14-CV-2491, 2019 WL 1428350, at *5 (S.D.N.Y. Mar. 29, 2019) ("[T]he mere fact that petitioner is proceeding pro se and may be ignorant of the law is not a sufficient ground for equitable tolling.") (citing cases). The same logic applies here.

remedy effective." Cunningham v. Poole, No. 06-CV-659, 2007 WL 3353115, at *2 (N.D.N.Y. Nov. 7, 2007). Accordingly, Petitioner's renewed motion is again denied.

## III. STAY

Petitioner also states that he has "chosen to withdraw [his] 440.10 motion due to the lack of unbias[ed] representation." Third Letter Mot. at 1. In the November Order, citing the prior October Order, the Court "remind[ed] Petitioner that it will not wait indefinitely for him to exhaust his state law claims." Nov. Order at 4.

Accordingly, given Petitioner's decision to withdraw his 440 application, the stay on his Amended Petition is immediately lifted. The action shall be returned to the active docket and Respondent shall answer the Amended Petition.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Third Letter Motion (Dkt. No. 27) renewing Petitioner's request for release from custody on bail is **DENIED**. The Court again makes no determination regarding the merits of any of the claims raised in the Amended Petition; and it is further

**ORDERED**, that the stay in this action be **LIFTED** and the Clerk return the action to the Court's active docket; and it is further

**ORDERED**, that the Clerk serve copies of this Decision and Order, the Amended Petition (Dkt. No. 10) and supporting Affidavit (Dkt. No. 12), the Court's August 1, 2019, Decision and Order (Dkt. No. 14), and Petitioner's Affirmation (Dkt. Nos. 16, 28) upon Respondent and the Attorney General of the State of New York in accordance with Local Rule 72.4(e); and it is further

**ORDERED**, that Respondent shall file and serve an answer to the Amended Petition, and provide the Court with the relevant records,[3] within **ninety days** of the date of this Decision and Order; and it is further

**ORDERED**, that Petitioner may, but is not required to, file a reply within **thirty days** of the filing date of Respondent's answer. If Petitioner chooses to file a reply, it must not exceed fifteen pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by Respondent in his answer and memorandum of law. The Court will not consider any new grounds for relief or other legal theories asserted by Petitioner in his reply that were not previously asserted by him in his Amended Petition. If Petitioner fails to file a reply or request an extension of time within **thirty days** of the filing date of Respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED**, that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED**, that the parties shall file all pleadings, motions, or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367. The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel. The Court will strike any filing that does not include a proper certificate of service. Petitioner must comply with any requests by the Clerk's Office for any

---

[3] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4. Respondent shall mail copies of any cited decisions exclusively reported on computerized databases—such as Westlaw or Lexis—to Petitioner, but need not file copies of those decisions with the Court. N.D.N.Y. L.R. 7.1(a)(1).

documents that are necessary to maintain this action. **<u>Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address</u>**. Failure to do so may result in the dismissal of this action.

All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which are to be made returnable on any business day with proper allowance for notice as the Rules require. All motions will be decided on the papers with no appearances and without oral argument unless otherwise ordered; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  December 04 2019
        Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge