UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MALCOLM WASHINGTON,

                         Petitioner,

   v.                                               9:19-CV-0695
                                                            (LEK/TWD)

FRANKLIN CORRECTIONAL FACILITY,

                         Respondent.

---

APPEARANCES:                                          OF COUNSEL:

MALCOLM WASHINGTON
Petitioner, pro se
16-B-2263
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. LETITIA JAMES                         LISA E. FLEISCHMANN, ESQ.
Attorney for Respondent                     Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner Malcolm Washington seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 3; Dkt. No. 4. On August 1, 2019, this Court directed petitioner to file an affirmation explaining why the statute of limitations should not bar his petition and whether his causes of action had been completely exhausted in the state courts. Dkt. No. 14, Decision and Order dated 08/01/19. Petitioner timely filed said

affirmation. Dkt. No. 16, Affirmation. On October 10, 2019, after reviewing said Affirmation, the Court stayed the present petition and ordered petitioner to begin filing status reports every thirty days. Dkt. No. 23, Decision and Order dated on 10/10/19 ("October Order").

Petitioner then filed two motions seeking temporary release on bail during the pendency of the present action. Dkt. Nos. 24 & 27. The Court denied both motions. Dkt. No. 26, Order dated 11/18/19 ("November Order"); Dkt. No. 29, Decision and Order dated 12/4/19 ("December Order"). The December Order also lifted petitioner's stay. December Order at 5.

Respondent opposed the petition. Dkt. No. 34, Answer; Dkt. No. 34-1, Respondent's Memorandum of Law; Dkt. No. 39, State Court Records. Petitioner filed a reply to said opposition. Dkt. No. 43, Traverse.

Petitioner then filed a request for appointment of counsel. Dkt. No. 42. On April 10, 2020, the Court denied the request without prejudice and with a right to renew. Dkt. No. 44, Decision and Order dated 04/10/20 ("First April Order").

Petitioner then filed a motion requesting a subpoena for medical records. Dkt. No. 45 at 1.[1] Respondent opposed petitioner's motion. Dkt. No. 46. On April 30, 2020, the Court denied petitioner's motion. Dkt. No. 47, Decision and Order dated 04/30/20 ("Second April Order"). Petitioner's appeal of that Second April Order is presently under review by Senior District Court Judge Kahn. *See* Dkt. No. 52, Appeal of Magistrate Judge Decision; Dkt. No. 54, Submission in Support of Appeal; Dkt. No. 55, Response in Opposition of Appeal.

---

[1] Citations to the parties' submissions, with the exception of the State Court Record ("SCR"), refer to the pagination generated by CM/ECF, the Court's electronic filing system. Because the SCR is Bates Stamped and already consecutively paginated, the Court will refer to the Bates Numbering in the bottom right-hand corner of the document.

Presently pending before the Court are several letter requests and motions requesting various relief. For the following reasons, petitioner's requests are denied.

## II.     RE-SUBMISSION OF DOCUMENTS

Petitioner's first letter asks whether he needs to re-submit documents to the Court. Dkt. No. 56. Specifically, he explains that recent correspondence from the Court indicated that "[a]ll motions will be reviewed 6/12," so should he "resubmit [his] motions for discovery and counsel that w[ere] denied[?]" *Id.* Additionally, petitioner inquired whether his habeas petition would also be decided in conjunction with his appeal.

It appears that petitioner has misunderstood the Court's correspondence. On May 19, 2020, Judge Kahn indicated that the Magistrate Judge Appeal was "on submission only, returnable on 6/12/2020[.]" Text Notice dated 05/19/20. The return date is not synonymous with the date the decision will issue. The Magistrate Judge Appeal has been fully briefed and is before the Court; however, there is no guarantee or obligation for the Court to issue its decision for that motion on June 12, 2020. Accordingly, to the extent petitioner expects to receive a decision on that day, such expectations are misguided.

Moreover, the Text Notice referred to the pending Magistrate Judge Appeal of the Second April Order, specifically the denial of petitioner's request for discovery. Accordingly, the decision will not discuss the denial of petitioner's request for appointment of counsel or pending habeas petition. Petitioner's habeas petition is separately, and fully, briefed and before the Court for a decision, which will happen in due course.

Petitioner need not re-submit any of his prior motions to the Court, as the Court has access to everything which is on the Docket. This includes both April Orders and the motions and documents underlying them. No further submissions are required from either

3

party at this time.

### III.  MOTION FOR RECONSIDERATION

Petitioner's second letter indicates that he "would . . . like to add these 3 cases to [his] opposition statement of Magistrate Judge Dancks' denial of [his] request for counsel." Dkt. No. 57.  Petitioner did not include the First April Order within the purview of his Magistrate Judge Appeal; accordingly, this will not be considered by the Court when deciding that appeal.  However, by reading petitioner's submissions in conjunction with one another and liberally construing them, it appears petitioner is moving for reconsideration of the First April Order.

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner has not provided any reason which justifies reconsideration of the First April Order.  Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's First April Order.  Petitioner relies on two cases, one from the Eighth Circuit and another from the Ninth Circuit, and a federal statute in his motion.  *See* Dkt. No. 57 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990);

4

*United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); and "Rule 8(c) 28 USC Fol §2255"). Neither appellate opinion represents binding authority for this Court. Moreover, the propositions advanced by petitioner's aforementioned case and statutory citations are not new. In fact, the same proposition was presented in the Court's First April Order. *See* First April Order at 3 ("However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.").

As the Court explained in the First April Order, petitioner failed to present any special reason to appoint him counsel. First April Order at 5. Further, the Court has not determined that petitioner's underlying habeas petition entitles him to an evidentiary hearing. If and when that conclusion is reached, then the Court would be obligated to provide petitioner with counsel pursuant to the sources already cited by the Court, and those enumerated in petitioner's present motion for reconsideration.

In sum, petitioner's present submissions include only conclusory assertions which amount to little more than a disagreement with the Court's First April Order. Petitioner's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision is not warranted.

## IV.   MOTION IN LIMINE

Lastly, petitioner files a "Motion in Limine . . . to suppress DNA testing or results taken from the alleged victim, even though observation of the results shows innocence, as they were taken in violation of the 4th Amendment of the Constitution[.]" Dkt. No. 58 at 1. Petitioner contends the constitutional violation stemmed from the failure to receive parental consent to perform the DNA testing on the minor victim. *Id.*

Respondent opposes the motion. Dkt. No. 59. Specifically, respondent argues that (1) the DNA evidence is part of the unchallenged State Court Record; (2) petitioner's request is at odds with the grounds in his petition whereupon petitioner alleges the withholding of the DNA evidence constitutes a *Brady* violation; and (3) petitioner's argument that consent was not obtained is conclusory and dubious. *Id.* at 1-2.

Courts have recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). An actual innocence claim will be recognized only in a "narrow class of truly extraordinary cases [where a petitioner can] present[] credible and compelling claims of actual innocence." *Hyman*, 927 F.3d at 656 (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)) (internal quotation marks omitted); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (noting that the actual innocence gateway standard is "demanding and permits review only in the extraordinary case.") (internal quotation marks omitted). "The petitioner's burden in making a gateway showing of actual innocence is deliberately demanding." *Hyman*, 927 F.3d at 656 (citing cases).

"The standard's demand for evidence *of innocence* references factual innocence, not mere legal insufficiency." *Hyman*, 927 F.3d at 657 (internal quotation marks and citations omitted). In clarifying what this standard requires, the Second Circuit explained:

> a reviewing court assessing the probability of actual innocence is not limited to the trial record. To the contrary, it "must consider all the evidence, old and new, incriminating and exculpatory," *House v. Bell*, 547 U.S. at 538 . . . (internal quotation marks omitted), and, in doing so, "is not bound by the rules of admissibility that would govern at trial," *Schlup v. Delo*, 513 U.S. at 327 . . . This is because, at the gateway stage of inquiry, a habeas court's task is not to identify trial error or to delineate the legal parameters of a possible new trial. It is to identify those cases in which a

6

> compelling showing of actual innocence would make it a manifest injustice to maintain conviction unless it was free of constitutional error. Thus, incriminating evidence obtained in the course of an unlawful search, or custodial admissions made in the absence of Miranda warnings, may well be inadmissible at trial. Nevertheless, such evidence is properly considered in assessing factual innocence, with the manner of procurement informing reliability and relevance and, therefore, weight.

*Id.* at 658; *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency.") (citations omitted).

Without determining whether petitioner's claims of actual innocence will be sufficient to entitle him to relief, the Court finds that, consistent with the holding in *Hyman*, petitioner's motion to exclude the DNA evidence is denied. As the Second Circuit clearly established, when evaluating an actual innocence claim, the Court must consider all evidence regardless of the source. *Hyman*, 927 F.3d at 658. Whether the DNA evidence would or would not be admissible at trial because it was acquired pursuant to an allegedly unlawful search is absolutely irrelevant to this Court's determination of whether that evidence supports petitioner's present claims seeking habeas relief. Instead, the Court is tasked with considering all evidence to decide whether petitioner is factually innocent so that the failure to timely file his petition is excused.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner need not re-submit any documentation for the Court. Dkt. No. 56. Petitioner's Appeal of a Magistrate Judge Decision and habeas petition are both fully briefed and before the Court for a decision. Both will be decided in due course. **NO FURTHER SUBMISSIONS ARE REQUIRED FROM EITHER PARTY**; and it is further

**ORDERED** that petitioner's motion for reconsideration of the First April Order, Dkt. No. 57, is **DENIED**; and it is further

**ORDERED** that petitioner's motion in limine seeking to withdraw the DNA evidence from the Court's consideration, Dkt. No. 58, is **DENIED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[2] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated:   June 8, 2020

      Syracuse New York

**Thérèse Wiley Dancks**
U.S. Magistrate Judge

---

[2] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).