UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MALCOLM WASHINGTON,

                Petitioner,

v.                                                                      9:19-CV-0695
                                                                        (LEK/TWD)
FRANKLIN CORRECTIONAL FACILITY,

                Respondent.

---

APPEARANCES:                                                OF COUNSEL:

MALCOLM WASHINGTON
Petitioner, pro se
16-B-2263
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. LETITIA JAMES                                          LISA E. FLEISCHMANN, ESQ.
Attorney for Respondent                                     Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

Petitioner Malcolm Washington seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 10, Amended Petition ("Am. Pet."). On August 14, 2020, this Court denied petitioner's second motion to expand the record. Dkt. No. 71, Decision and Order ("August Order").

In response to the August Order, petitioner filed the pending motion for reconsideration. Dkt. No. 75. In it, petitioner reasserts his conclusory arguments from his

discovery motion. *Id.* at 1. Specifically, petitioner emphasizes that he "disagree[s]" with the Court and that he has "submitted documented proof of all accusations [and] . . . show[n] a number of illegalities and attempted cover-ups." *Id.*

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner has not provided any reason which justifies reconsideration of the Court's prior order. Instead he reasserts the same arguments from his discovery motion and argues that the Court's analysis is incorrect. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision is not warranted.

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 75) is **DENIED**; and it

is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated:   August 28, 2020

      Syracuse, New York

*[signature]*

**Thérèse Wiley Dancks**
**U.S. Magistrate Judge**